UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY P. SMITH,<br><br>　　　　　Defendant. | Case No. 3:14-cr-05133-TMC-1<br><br>ORDER GRANTING TERMINATION OF SUPERVISED RELEASE |

## I.　ORDER

Before the Court is Defendant Timothy P. Smith's motion for early termination of supervised release. Dkt. 336. The Court has thoroughly considered Mr. Smith's motion, the response from the United States, Dkt. 337, and the memorandum from Smith's probation officer, Dkt. 338. While acknowledging Smith's exemplary performance on supervised release, the United States and the probation office oppose the motion based on Smith's criminal history. Dkt. 338 at 2. For the reasons explained below, the Court GRANTS the motion.

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is

warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The statute does not "necessarily require a showing of exceptional behavior for early termination of supervised release," but exceptionally good behavior by the defendant is one factor that may warrant granting such a motion. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Smith. In this case the most significant factors are the circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment. As probation notes, the offense conduct was serious, and Smith had a serious criminal history before his eleven-year prison sentence, including a manslaughter conviction for an accidental firearm discharge while under the influence of marijuana. But Smith's performance on supervised release has been exemplary, and the record presented to the Court shows that he has done everything that can be hoped for during this portion of his sentence: he has maintained stable, independent housing; he has held down a good job and advanced into management at his company; he was granted a security credential by

TSA as part of his job duties; he has built a new life away from the city where his criminal conduct occurred; he has found a community within a church; and he has built prosocial relationships, including his recent marriage. This shows that the interest in maintaining Court supervision to protect the public, deter criminal conduct, and provide treatment for Smith has been significantly reduced. On balance, the Court finds that the relevant Section 3553(a) factors weigh in favor of early termination of supervised release, as warranted by Smith's conduct on supervision and in the interests of justice.

## II. CONCLUSION

For the foregoing reasons, the Court finds pursuant to 18 U.S.C. § 3583(e) that termination of supervised release for Mr. Smith is warranted by his conduct and in the interest of justice. The Court ORDERS that Mr. Smith's term of supervised release be terminated, effective immediately.

The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 17th day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING TERMINATION OF SUPERVISED RELEASE - 3